UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   For Online Publication Only

ALEXANDER HOLMES, 21-A-1957,

                                  Plaintiff,

            -against-                        **ORDER**
                                                                   24-cv-3645 (JMA) (LGD)

JEFFREY SCOTT GRODER of the Devane & Groder
Lawfirm [sic]; DZURENDA E. JAMES,

                                Defendants.
------------------------------------------------------------------X

**AZRACK, United States District Judge:**

        Before the Court is a Complaint filed by incarcerated pro se plaintiff Alexander Holmes ("Plaintiff") pursuant to 42 U.S.C. § 1983 ("Section 1983").[1] (ECF No. 1. ("Compl.")) Plaintiff also filed a motion to proceed in forma pauperis ("IFP"), the required Prisoner Litigation Authorization form ("PLA"), and a motion for the appointment of pro bono counsel.[2] (ECF Nos. 2-3, 10.)

        Upon review of the declaration accompanying Plaintiff's IFP application, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Accordingly, for the reasons that follow, the Court GRANTS Plaintiff's IFP application (ECF No. 2) and sua sponte DISMISSES the Complaint (ECF No. 1) pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1). Given the dismissal of the

---

[1] Plaintiff is no stranger to this Court. By Order dated June 18, 2024 under docket number 23-cv-4140 (JMA) (LGD), Holmes v. Groder, et al., the undersigned entered judgment having dismissed Plaintiff's third amended complaint upon his failure to file a fourth amended complaint. (See 23-CV-4140, Elec. Order, dated June 18, 2024 and ECF No. 14.)

[2] Plaintiff filed his complaint, IFP application, and motion for the appointment of pro bono counsel in the United States District Court for the Southern District of New York on May 15, 2024. (ECF No. 1.) By Transfer Order dated May 20, 2024, that court transferred this case to the United State District Court for the Eastern District of New York and reserved the determination of whether Plaintiff shall be permitted to proceed without prepayment of fees for the transferee court. (ECF No. 5.) On May 30, 2024, this case was assigned to the undersigned and, on May 31, 2024, a Notice of Deficiency was sent to Plaintiff in light of his failure to file the required PLRA as of that date. (ECF No. 9.) On June 17, 2024, Plaintiff filed the PLRA. (ECF No. 10.)

Complaint, the application for the appointment of pro bono counsel (ECF No. 3) is DENIED as it is now moot.

### I.     BACKGROUND[3]

Plaintiff's handwritten Complaint names Jeffrey Scott Groder, Esq. of the Devane and Groder Law Firm ("Groder") and former Nasau County Sheriff James E. Dzurenda ("Dzurenda" and together, "Defendants") and is difficult to decipher and comprehend. As the Court can best discern, Plaintiff alleges that Dzurenda falsely arrested him on April 25, 2019 and that Groder failed to protect Plaintiff's rights during the subsequent state court criminal proceedings. (Compl. at 4-9). According to the Complaint, Dzurenda "sid[ed] up with the ADA . . . to violate my 4th Amendment Right (search and seizure). That was illegal in its entirety of the well being of the Court's proceedings and my due process of law also in addition my character." (Id. at 8.) Plaintiff also alleges that after his defense attorney "was relieved I got Jeff Scott Groder/the fat wet chicken the RailRoader! As a lawyer who use a claw back order and acted grossly in breaching the confidentiality order in a negligent manner releasing it to the public domain and exposing it to me." (Id.) Plaintiff further claims that Groder "coerced me to cop out to the current plea and he was ineffective and allowed me to be illegally search and seized and be kidnapped and held for ransome." [4] (Id. at 9.). Finally, Plaintiff claims that Groder "violat[ed] 22 NYCRR 1200.0 his Lawyer Professional conduct." (Id.)

---

[3] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true). Excerpts from the complaint have been reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

[4] According to the information maintained by the New York State Office of Court Administration on its public website, Plaintiff pled guilty on April 7, 2021 to a violation of New York Penal Law § 130.65(1), Sexual Abuse in the First Degree, under Indictment No. 70458-19/001. Plaintiff was sentenced on July 26, 2021 by New York State

As a result of the foregoing, Plaintiff seeks to recover a damages award in the total sum of $8.4 billion. (Id. at 10.)

## II. LEGAL STANDARDS

### A. Leave to Proceed IFP

To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948) (internal quotation marks omitted). The purpose of the statute permitting litigants to proceed IFP is to ensure that indigent persons have equal access to the judicial system. Davis v. NYC Dep't of Educ., 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. August 27, 2010) (citing Gregory v. NYC Health & Hosps. Corp., 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)). The determination of whether an applicant qualifies for IFP status is within the discretion of the district court. DiGianni v. Pearson Educ., 10-CV-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (citing Choi v. Chemical Bank, 939 F. Supp. 304, 308 (S.D.N.Y. 1996)).

### B. Dismissal Under the Prison Litigation Reform Act or IFP Statute

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, the IFP statute requires a court to dismiss an action upon determination that the action "(i) is frivolous or malicious, (ii)

---

Supreme Court Justice Robert G. Bogle to a four-year term of imprisonment with five years of post-release supervision.

fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

**C.**     **Section 1983**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); see Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). "To state a claim under § 1983, a plaintiff must allege two elements: (1) 'the violation of a right secured by the Constitution and laws of the United States,' and (2) 'the alleged deprivation was committed by a person acting under color of state law.'" Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87-88 (2d Cir. 2015) (quoting Feingold v. New York, 366 F.3d 138, 159 (2d Cir. 2004)); see Buon v. Spindler, 65 F.4th 64, 78 (2d Cir. 2023); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under color of-state law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (internal quotation marks and citation omitted)).

In addition, claims brought pursuant to Section 1983 are "subject to a three-year statute of limitations." Gudanowski v. Burrell, No. 23-6552, 2024 WL 3594320, at *2 (2d Cir. July 31, 2024) (citing Owens v. Okure, 488 U.S. 235, 250 (1989) ("[C]ourts considering § 1983 claims

4

should borrow the general or residual statute for personal injury actions."); also citing N.Y. C.P.L.R. § 214 (providing a three-year statute of limitations for personal injury actions)).

### D.    Plaintiff's Pro Se Status

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997).  In addition, the Court is required to read a plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests.  United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); see also FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").  However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678.  While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

5

## III. DISCUSSION

### A. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted.

### B. Plaintiff's Section 1983 Claim Against Groder is Dismissed

It is well-established that Section 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co., 526 U.S. at 50 (internal quotation marks and citation omitted); see also Ciambriello v. County of Nassau, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). However, a private actor may act under color of state law for purposes of Section 1983 if they are a "'willful participant in joint activity with the State or its agents.'" Ciambriello, 292 F.3d at 324 (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970)). "To establish joint action, a plaintiff must show that the private citizen and the state official shared a common unlawful goal; the true state actor and the jointly acting private party must agree to deprive the plaintiff of rights guaranteed by federal law." Anilao v. Spota, 774 F. Supp. 2d 457, 498 (E.D.N.Y. 2011) (internal quotation marks and citation omitted).

Alternatively, Section 1983 liability may also extend to a private party who conspired with a state actor to violate the plaintiff's constitutional rights. Ciambriello, 292 F.3d at 323-24. To show that there was a conspiracy between a private actor and the state or its agents, a plaintiff must provide evidence of "(1) an agreement between a state actor and a private party; (2) to act

6

in concert to inflict an unconstitutional injury; and (3) an overt act in furtherance of that goal causing damages." Id. at 324-25.

Here, Plaintiff alleges that Groder is Plaintiff's defense attorney in the underlying state court criminal proceedings but does not allege whether he was privately retained or was appointed by the Court. (Compl. at 8). Such distinction is of no moment because, either way, Groder is not a state actor. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (a "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997). Nor has Plaintiff alleged any facts from which the Court could reasonably construe state action by Groder as acting jointly with a state actor or by conspiring with a state actor to deprive Plaintiff of his constitutional rights. Thus, Plaintiff has not alleged a plausible conspiracy or joint actor claim. Accordingly, Plaintiff's Section 1983 claim against Groder is not plausible and is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).[5]

### C. Plaintiff's Section 1983 Claims Regarding his Conviction are Dismissed

To the extent Plaintiff attempts to set forth a claim emanating from the propriety of his conviction, said claim is barred by the "favorable termination doctrine." In Heck v. Humphrey, the Supreme Court held:

---

[5] Notably, it also appears that Plaintiff's Section 1983 claim that challenges conduct alleged to have occurred in 2018 and 2019 may be time-barred given his May 15, 2024 filing of the complaint. (See ECF No.1.) Although the Complaint was filed well-after the three-year statute of limitations had run, a failure to file a claim within the statute of limitations period is an affirmative defense, and sua sponte dismissal of Plaintiff's claims arising from conduct alleged to have occurred outside that period as time-barred is generally improper without first providing plaintiff notice and an opportunity to be heard. See Abbas v. Dixon, 480 F.3d 636, 640 (2d Cir. 2007) (holding that it was error for the district court to sua sponte dismiss a prisoner's complaint with prejudice on the basis of an anticipated statute of limitations defense without granting the prisoner notice and an opportunity to be heard). "Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading." Harris v. Admin. for Children Servs., 20-CV-6832, 2020 WL 5983236, at *2 (S.D.N.Y. Oct. 7, 2020) (citing Walters v. Indus. and Commercial Bank of China, Ltd., 651 F.3d 280, 293 (2d Cir. 2011); Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (affirming sua sponte dismissal under 28 U.S.C. § 1915(d) on statute of limitations grounds)). Given the substantive defects in Plaintiff's claims, the Court need not reach the timeliness issue.

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

512 U.S. 477, 486-87 (1994); see also Warren v. Fischl, 674 F. App'x 71, 73 (2d Cir. 2017) (28 U.S.C. § 1915(e) dismissal was appropriate under Heck because success on plaintiff's claims against Nassau County police officers and prosecutors "would necessarily invalidate plaintiff's convictions on the counts that had not been reversed or vacated.").

Here, Plaintiff alleges that he was convicted upon his guilty plea and does not allege that his conviction has been reversed or vacated. (Compl. at 9 and in toto.) It is well-established under Heck that a plaintiff must allege and prove that his state court conviction or sentence has been invalidated before he can seek and recover damages under Section 1983. See Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995) ("A claim for damages based on a conviction or sentence that has not been invalidated ... is not cognizable under § 1983.") (citing Heck, 512 U.S. at 486-87); Cameron v. Fogarty, 806 F.2d 380, 387-88 (2d Cir. 1986) ("[T]he common-law rule, equally applicable to actions asserting false arrest, false imprisonment, or malicious prosecution, was and is that the plaintiff can under no circumstances recover if he was convicted of the offense for which he was arrested" because "where law enforcement officers have made an arrest, the resulting conviction is a defense to a § 1983 action asserting that the arrest was made without probable cause."). Thus, Heck's bar precludes review of Plaintiff's Section 1983 claims.

8

Plaintiff's exclusive avenue to pursue his claims is through a properly exhausted and timely filed petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[6] See Heck, 512 U.S. at 481 ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."); see also Jenkins v. Haubert, 179 F.3d 19, 23 (2d Cir. 1999) ("[W]here the fact or duration of a prisoner's confinement is at issue, § 1983 is unavailable, and only § 2254(b) with its exhaustion requirement may be employed.").

Accordingly, Plaintiff's Section 1983 claims are not plausible and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1).

**D.   Plaintiff's False Arrest Claim is Dismissed**

Even if Plaintiff's false arrest claim against Dzurenda was not barred by Heck, his guilty plea renders such claim implausible. Claims for false arrest require that a plaintiff "demonstrate that defendant intended to confine him, he was conscious of the confinement, he did not consent to the confinement, and the confinement was not otherwise privileged." Shain v. Ellison, 273 F.3d 56, 67 (2d Cir. 2001) (citing Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 118 (2d Cir. 1995)). "A false arrest claim is defeated by the plaintiff's conviction for the offense for which he was arrested." Phelan v. Sullivan, 541 F. App'x 21, 23 (2d Cir. 2013) (citing Cameron v. Fogarty, 806 F.2d 380, 387 (2d Cir. 1986) (holding that conviction establishes probable cause for arrest)).

---

[6]   Indeed, on August 9, 2024, Plaintiff filed petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. See 24-CV-5661(JMA) Holmes v. Superintendent. By Electronic Order dated September 3, 2024, the Court ordered Plaintiff/Petitioner to either remit the filing fee or file an IFP application within 14 days in order for his Petition to proceed. (Id., Elec. Order, dated September 3, 2024.) By Electronic Order dated October 2, 2024, the Court again ordered Plaintiff/Petitioner to either remit the filing fee or file an IFP application after locating Plaintiff/Petitioner at the Mid-State Correctional Facility. (Id., Elec. Order, dated October 2, 2024.) Plaintiff responded by filing an IFP application bearing the name of another individual on October 21, 2024. (Id., ECF No. 5.) The Court denied the IFP application without prejudice and ordered Plaintiff to provide his current address and file an updated IFP application. (Id., Elec. Order dated October 24, 2024).

Because Plaintiff has been convicted, his false arrest claim is not plausible and must be dismissed. See Dudley v. Singas, 16-CV-1548, 2017 WL 5312131, at *3 (E.D.N.Y. Nov. 13, 2017). Accordingly, Plaintiff's Section 1983 claim against Dzurenda is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1).

### E.   State Law Claims

Having dismissed Plaintiff's federal claims, the Court declines to exercise subject matter jurisdiction over any potential state law claims that be liberally construed from Plaintiff's allegations. See Sylla v. City of New York, 04-CV-5692, 2005 WL 3336460, *8 (E.D.N.Y. Dec. 8, 2005) (citing Castellano v. Bd. of Trustees, 937 F.2d 752, 758 (2d Cir. 1991) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.") (alteration in original).

### F.   Leave to Amend

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)). Indeed, a pro se plaintiff who brings a civil rights action "should be 'fairly freely' afforded an opportunity to amend his complaint." Boddie v. N.Y. State Div. of Parole, 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)). Yet while "pro se plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citation omitted).

Here, amendment of Plaintiff's claims would be futile because the reasons for dismissal are substantive and could not be cured with better pleading. In addition, Plaintiff has already

brought similar, unsuccessful claims in this Court. See 23-cv-4140 (JMA) (LGD), Holmes v. Groder, et al., (dismissing third amended complaint with leave to amend and entering judgment closing the case upon Plaintiff's failure to file a fourth amended complaint). (See id. at ECF No. 14 and Elec., Order, dated June 18, 2024). Thus, upon careful consideration, the Court declines to grant Plaintiff leave to amend his Complaint. Given the dismissal of the Complaint without leave to amend, Plaintiff's motion for the appointment of pro bono counsel (ECF No. 3) is denied as moot.

### IV.  CONCLUSION

For the forgoing reasons, the Plaintiff's application to proceed IFP (ECF No. 2) is GRANTED. However, Plaintiff's Section 1983 claims are sua sponte DISMISSED with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1) for failure to state a claim for relief. The Court declines to extend supplemental jurisdiction over any state law claims that may liberally be construed in the Complaint. Given the dismissal of the Complaint without leave to amend, Plaintiff's motion for the appointment of pro bono counsel (ECF No. 3) is DENIED as moot.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court shall enter judgment accordingly and shall mail a copy of this Order to the Plaintiff at his last known address and note such mailing on the docket.

**SO ORDERED.**

Dated:   October 25, 2024
         Central Islip, New York

                                        /s/ JMA
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE